EDWARDS *against* WHITE and another.

Where a bond was given, in 1809, to the judge of probate, by the administrators, for the faithful performance of their duty ; and to an action brought upon such bond, in 1835, the statute of limitations was pleaded ; it was held to be no bar, because such a bond was not within the statute before the revision of 1821, and seventeen years had not elapsed between the 1st of *June,* 1821—the day from which the time limited is to be computed under the revised statute—and the commencement of the action.

Where the plaintiff in such action assigned as a breach, that all the goods, chattels and estate of the intestate, of the value of 50,000 dollars, came into the hands and possession of the administrators, and that neither they, nor either of them, ever made any inventory thereof, or rendered any account whatever to the court of probate of their proceedings in settling the estate ; to which the defendants rejoined, that no goods, chattels or eredits of the intestate ever came to the knowledge or possession of the administrators, without averring, that the intestate did not leave real estate, which came to the knowledge of the administrators, and of which, an inventory might have been made ; it was held, 1. that the breach was sufficiently assigned, as the term *estate* comprehends real as well as personal property ; 2. that the rejoinder furnished no sufficient answer or excuse.

*Qu.* Whether such rejoinder, after a plea of performance, be not, at common law, a departure ; if so, whether it be not authorised by the statute of 1822 : and whether the decision upon this point in *Warren* v. *Powers* & al. 5 *Conn. Rep.* 374. be correct.

Though by the *English* law, if a plea purports to answer only a part of the declaration, and is in law a sufficient answer to that part only, leaving the residue unanswered, the plea is bad, and the plaintiff should treat it as no plea, and sign judgment by *nil dicit;* for if he accepts it as a plea, by demurring to it, he discontinues his whole action ; yet in this state, it has never been the practice for the plaintiff to sign judgment by *nil dicit,* where the defendant has pleaded ; but if the plea or rejoinder is an insufficient answer to the plaintiff's whole cause of action, he may demur ; and it makes no difference whether the plea or rejoinder professes to answer the whole or only a part of the cause of action.

Still it is necessary that the whole matter of defence, pleaded, should cover the whole charge.

In this case, as no one of the rejoinders, nor all of them taken together, shewed a sufficient excuse for not exhibiting an inventory and rendering an account ; it was held, that the cause of action was not barred.

In an action by a judge of probate, on an administrators' bond, he can recover no damages, except for the benefit of others shewn to be injured by the misconduct of the administrator.

Therefore, where *A* died intestate, leaving *B,* his widow, and *C,* the wife of *D,* his sister and sole heir at law ; *B* and *D* were appointed administrators ; *D* immediately took into his possession all the assets belonging to the estate, and *C's* portion of them thereupon became his ; after a breach of the bond by *D's* neglect of duty as administrator, *B* died ; in an action subsequently brought on the bond against *E,* the surety, it was held, that *C* had sustained no injury for which a recovery could be had, because she had no

interest; and that the representatives of *B* could recover no damages, because she was a principal in the bond, at the time of the breach, and liable to indemnify the surety, if subjected.

But though no person interested in the estate has sustained any injury, yet if the condition of the bond be broken, and the breach be not answered, nominal damages will be given.

*Hartford,*
July, 1837.

Edwards
*v.*
White.

THIS was an action of debt on a bond, given by *Esther Dodd* and *John Russ*, administrators of the estate of *John Dodd*, jun. deceased, and *Joseph Pratt* and *Nathaniel Patten*, their sureties, dated the 4th of *April*, 1809. The action was brought by *Jonathan Edwards*, Esq. judge of probate for the district of *Hartford*, and successor in office to *John Chester*, Esq., to whom the bond was payable, against *Fortune C. White* and *Alfred S. Monson*, administrators with the will annexed of the estate of said *Patten*, he being the sole survivor of the obligors ; and was commenced in *March*, 1835.

The defendants, having prayed oyer of the condition, which was in the form prescribed by statute, recited it in their plea, and averred performance generally.

The plaintiff, in his replication, set out sundry breaches, and among them the following : 1. That said *Esther Dodd* and *John Russ*, administrators as in said condition specified, did not make, nor cause to be made, a true and perfect inventory of all and singular the goods, chattels, credits and estate of the said *John Dodd*, jun. deceased, which had, at the execution of said writing obligatory, come into the hands, knowledge and possession of the said *Esther Dodd* and *John Russ ;* nor did they exhibit, or cause to be exhibited, any such inventory into the registry of the court of probate in the district of *Hartford*, on or before the 4th day of *June*, 1810—[the day specified in the condition of the bond for that purpose.]

2. That immediately upon the decease of said *John Dodd*, jun., *viz.* on or about the 4th of *April*, 1809, all the goods, chattels and estate of the deceased, of the value of fifty thousand dollars, came into the hands and possession of the said *John Russ*, who solely administered the same ; and the said *Esther* and *John* did not, nor did either of them, make, or cause to be made, a true and just account of said administration to said court of probate, at or before said 4th day of *April*, 1810 ; nor hath the said *Esther* and *John*, or either of them,

rendered any account whatever to said court of probate of their proceedings in settling said estate.

In answer to the breaches assigned by the plaintiff, the defendants pleaded nine separate rejoinders ; but it will be sufficient, for the purpose of presenting the questions of law in the case, to state the following : 1. That no cause of action occurred to the plaintiff, by the breaches assigned, within seventeen years next before the bringing of the plaintiff's action.

2. That at no time after the death of said *John Dodd,* jun. has there come to the knowledge or possession of said *Esther Dodd* and *John Russ,* or either of them, any goods, chattels or credits, being the estate of said *John Dodd,* jun. at his death ; nor has there, at any time, come to the knowledge or possession of said *Esther Dodd* and *John Russ,* or either of them, the said goods, chattels and credits, or any part of them, mentioned in the replication of the plaintiff.

3. That the claims of all the creditors of said *John Dodd,* jun , if any there were, at the time of his death, have long since, and before the commencement of this action, been paid and satisfied ; and that there is not, and was not, at the commencement of this action, any outstanding claims against the estate of said *Dodd* of any kind, in favour of any creditor or creditors ; that said *Dodd* died intestate, leaving said *Esther,* his widow, and *Sally Russ,* (who then was the wife of said *John Russ,* and so continued to be until the 1st day of *September,* 1826, when she died,) his only heir at law, in respect to the said goods, chattels, credits and estate of said *Dodd,* if any he had, mentioned in the plaintiff's replication ; and that on or about the 4th day of *April,* 1810, and before the commencement of this action, said *John Russ* paid out of said estate in satisfaction of debts due from the same, the sum of 15,000 dollars ; and afterwards, said *John* and *Esther* agreed upon a mutual division of all the remaining goods, chattels and credits belonging to the estate of said *Dodd,* if any there were, and the same were then divided between them, the said *Russ* and the said *Esther Dodd,* and each then received their respective share and proportion of the same ; and the said *Russ* has not received, appropriated or converted to his use any other of the said goods, chattels, credits or estate of said *John Dodd,* , besides his portion as aforesaid.

6. That the claims of all the creditors of the said *John Dodd,*

*Hartford,*
*July, 1837.*

Edwards
*v.*
White.

jun., if any he had, at the time of his death, have, long since, and before the commencement of this action, been paid and satisfied; and that there is not, and was not, at the commencement of this action, any outstanding claims against the estate of said *John Dodd,* jun. whatever; that the said *Dodd* died intestate, leaving *Esther Dodd,* one of said administrators, his widow, and *Sally Russ,* the wife of said *John Russ,* the other of said administrators, the only sister and sole heir of said *John Dodd,* jun.; and that said *Patten* and *Pratt* executed said bond to the judge of probate as sureties merely for said *Russ* and *Esther;* and that long after the pretended breaches of said bond, if any there were, assigned as aforesaid, the said *Esther,* and *Sally* and *John* died, *viz.* the said *Esther,* on the 15th day of *May,* 1829, the said *Sally,* on the 1st day of *September,* 1826, and the said *John,* on the 15th day of *June,* 1833.

The object of the remaining rejoinders was, principally, to answer particular breaches assigned in the replication other than the omission to make an inventory and to render an administration account; but the latter they did not profess to answer.

To all the rejoinders there was a general demurrer; and thereupon the case was reserved for the advice of this court.

*T. Smith* and *Toucey,* in support of the demurrer, contended, 1. That this action was not barred, by the statute of limitations. In the first place, this not being a bond for the payment of a sum of money, "not having any other condition, contract or promise therein," is not within the statute, which was in force previous to the revision of 1821. *Stat.* 460. (ed. 1808.) *tit.* 101. *c.* 1. *s.* 3. Secondly, the action is not barred under the revised statute, as the time limited is to commence under the statute, on the 1st of *June,* 1821; (*Stat.* 310, 311. *tit.* 59. *s.* 2. 8.) and between that day and the commencement of the action, less than seventeen years had elapsed.

2. That all the rejoinders were obnoxious to the objection of a departure from the defence set up in the plea. In the latter, the defendants aver, that they have fully kept and performed all the conditions and stipulations of the bond; but in the former, they distinctly admit that there has been no such performance, and set up sundry matters as an excuse for non-perform-

ance. This is clearly bad, upon principles of the common law, and can be taken advantage of under a general demurrer. 1 *Chitt. Plead.* 635. 640. Nor are these rejoinders authorized by the statute of 1822 ; the settled construction of which is, that one may rejoin double, in a case like the present, to a replication, in the same manner that he may plead double to a declaration, and not that he may both rejoin double and depart from his plea. The whole scope and object of the law was, to confer on the defendant the benefit of double pleading, and nothing else, under the circumstances specified in the act. *Warren* v. *Powers,* 5 *Conn. Rep.* 374. 379.

3. That the matters set up in the several rejoinders, were insufficient, in any form of pleading. Most of these rejoinders do not profess to give a full answer to the matters set up in the plaintiff's replication. They distinctly admit some breaches of the condition of the bond, and allege nothing as an excuse for them. But one breach, admitted and not avoided or excused, renders a plea or rejoinder bad. *Sevey* v. *Blacklin* & al. 2 *Mass. Rep.* 541. *Fitzgerald* v. *Hart* & al. 4 *Mass. Rep.* 429. Each plea or rejoinder, filed pursuant to the statute allowing double pleading, must be good and sufficient, taken by itself, or must be a full answer to the declaration or replication. *Sterling* v. *Sherwood,* 20 *Johns. Rep.* 204. *Hicock* v. *Coates,* 2 *Wend.* 419. *Slocum* v. *Despard,* 8 *Wend.* 615. *Etheridge* v. *Osborne,* 12 *Wend.* 399.

The counsel then proceeded to examine each rejoinder separately, insisting upon its insufficiency ; but it is not necessary to follow them.

*Hungerford* and *W. W. Ellsworth,* contra, contended, 1. That the rejoinders were not bad, as being a departure from the plea.

2. That the first and second rejoinders were a perfect answer to the two first breaches assigned. If there was no property, no inventory was required ; and the omission to inventory was not a breach of the condition. But there is nothing in these breaches necessarily implying that the deceased had any real estate. On the contrary, as the estate therein mentioned is alleged to have come to the hands and possession of *Russ,* and the law gave him no right to the possession of the real es-

tate, it is a fair inference that the estate therein mentioned was not real but personal estate.

But allowing that real as well as personal estate is necessarily implied, by the allegations in the second breach, that breach contains no statement of facts imposing upon either of the administrators an obligation to account for that real estate to the court of probate.

3. That the other rejoinders were good answers to all the breaches which they purported to answer.

4. That no damages can be recovered, in the present case; for in that event, the defendants would have a claim upon the estate of the administrators, or either of them, for indemnity; and consequently, the money recovered in the present suit, might be recovered back, in another action.

Further, the object of the bond is merely to secure compliance of the administrators with their duty as *trustees*. But the administrators are trustees of the property only in respect to creditors and heirs, and, in certain cases, for the widow; and these claims having all been satisfied, and the administrators themselves being the persons entitled to the estate remaining, they hold the property, not in the character of trustees, but in their own right.

WAITE, J.   This action is brought upon the penal part of a bond executed by *Esther Dodd, John Russ, Joseph Pratt* and *Nathaniel Patten*, to the judge of the court of probate for the district of *Hartford;* and is against the defendants, as administrators with the will annexed, of the estate of *Patten.* The defendants, having prayed oyer of the bond, and recited it, with the condition annexed, have pleaded performance by the obligors.   To this plea the plaintiff has replied, setting out various breaches, to which the defendants have pleaded several rejoinders; and the pleadings have been closed, by a general demurrer to those rejoinders.   From the pleadings it appears, that the bond was executed by Mrs. *Dodd* and *Russ*, as the administrators of the estate of *John Dodd*, jun., deceased, and by *Pratt* and *Patten*, as their sureties; and was given to secure the faithful performance of the duty of the administrators.

The first enquiry is, whether the rejoinders of the defendants, or any of them, are sufficient to bar the plaintiff's suit?

The defendants have, in the first place, pleaded the statute of

*Hartford,*
July, 1837.

Edwards
*v.*
White.

limitations, and averred, that no cause of action has accrued to the plaintiff on said bond within seventeen years next before the bringing of the action.   Prior to the revision of the statutes in 1821, there was no statute limiting suits on probate bonds. The words of the old statute were, " that no suit, process or action shall be brought on any bond, bill or note under hand, given for the payment of any sum or sums of money, not having any other condition, contract or promise therein, but within seventeen years next after an action on the same shall accrue." *Stat.* 460. (ed. 1808.) *tit.* 101. *c.* 1. *s.* 3.   At the time of the revision, the statute was altered so as to extend the limitation of seventeen years to actions brought on any " bond or writing obligatory," but with this proviso, that in "all cases" "wherein, by the laws of this state," previously "in force, no time is limited for the bringing said actions," the limitation " shall commence and be computed from the first day of *June, A. D.* 1821."   *Stat.* 310. 311. *tit.* 59. *s.* 2. 8.

The bond in the present case has a condition annexed, which is not " for the payment of any sum or sums of money;" and is, therefore, not within the terms of the old statute.   The suit upon it was commenced in 1835, and within seventeen years from the first of *June,* 1821 ; and consequently, is within the proviso of the revised statute.   Neither of these statutes, therefore, can operate to bar the present suit.

It is stated in the replication, that all the goods, chattels and *estate* of *John Dodd,* jun., of the value of fifty thousand dollars, came into the hands and possession of *John Russ,* one of the administrators ; and that neither he and the said *Esther,* nor either of them, ever made any inventory of the same, or rendered any account whatever to the court of probate of their proceedings in settling the estate.   To these breaches the defendants have, in their second rejoinder, pleaded, that no *goods, chattels* or *credits* of the deceased ever came to the knowledge or possession of the administrators.   But they have not averred, that *John Dodd,* jun. did not leave *real* estate, which came to the knowledge of the administrators, and of which an inventory might have been made.   The statute makes it the duty of the administrators to make "a true and perfect inventory and appraisement of all the estate of the person deceased, both *real* and personal."   *Stat.* 202. *tit.* 32. *c.* 1. *s.* 12.   And the condition of the bond, which is in the form prescribed by the statute,

requires the administrators to make an inventory of all the goods, chattels, credits and *estate* of the deceased. It was, therefore, as much the duty of the administrators to make an inventory of the real as of the personal estate. This is made necessary, that all who have an interest in the settlement of the estate may know what property belongs to the same. The averment, that there were no goods, chattels or credits of the deceased, furnishes no sufficient excuse for not making an inventory ; for there might have been real estate, of which an inventory ought to have been made. Had the defendants simply averred, that the deceased left no *real estate*, it clearly would not have furnished an excuse for omitting to make an inventory. To excuse the administrators in not complying with the requirements of the law and the condition of their bond, it ought, at least, to have been shown, that there was no *estate*, of which any inventory could have been taken.

It is, however, farther claimed, that if the facts set forth in the rejoinder do not furnish a sufficient excuse, yet they are a sufficient answer to the plaintiff's replication, inasmuch as it is not there averred, that there was any real estate. It is alleged, that *all the estate* of the deceased, of the value of fifty thousand dollars, came into the hands and possession of one of the administrators. In our opinion, the breach is sufficiently assigned. The term *estate* comprehends real, as well as personal, property. It is not necessary to give a particular specification of the kinds of property, in assigning the breach. It may not be in the power of the judge of probate and those for whom he sues, to do it. Enough has been stated, by the plaintiff, to throw upon the defendants the necessity of justifying the omission of the administrators. This has not been done, in the present case ; and consequently, the second rejoinder must be adjudged insufficient.

This view of the case renders it unnecessary for us to determine whether the second rejoinder is not a departure from the plea ; and if it be, whether that mode of pleading is not authorised by our statute, passed in *May*, 1822. *Stat.* 61. (ed. 1835.) Were it necessary to decide the latter question, it might be incumbent upon us to enquire, whether the true construction has been given to that statute, in the case of *Warren* v. *Powers &* al. 5 *Conn. Rep.* 374. That decision was made by a divided court ; and there are strong reasons for believing, that the de-

*Hartford,*
*July, 1837.*

Edwards
*v.*
White.

sign of the legislature in passing that statute, was, to sanction the mode of pleading adopted by the defendants in their second rejoinder. But a further consideration of the question is waived, as being unnecessary in the present case.

The two rejoinders which have been noticed, are the only ones that profess to answer all the breaches assigned in the replication. All the subsequent rejoinders do not, in any manner, answer, or profess to answer, the breaches for not making an inventory and not rendering an administration account; but merely profess to answer some or all of the other breaches assigned. Are those rejoinders sufficient?

By the *English* law, if a plea purports to answer only a part of the declaration, and is in law a sufficient answer to that part only, the other part being left unanswered, the plea is bad, and, of course, considered as no plea. The plaintiff, however, should not, in such case, demur; but should sign judgment as by *nil dicit*, that is, for want of a plea. And if he accepts it as a plea, by demurring to it, he discontinues his whole action. *Com. Dig. tit.* Pleader. E. 1. 1 *Chitt. Plead.* 509. 1 *Wms. Saund.* 28. *n.* 3. (*a*) But if there is a plea to the whole declaration, there will be no discontinuance; and the defendant may, in such case, put in a second plea applicable to a portion of the charge only, where the matter is, in its nature, severable. *Clarkson* v. *Lawson,* 6 *Bing.* 587. (19 *Serg. & Lowb.*) 169.

These rules of pleading have never been adopted in *Connecticut.* Where the defendant has pleaded to the declaration, or rejoined to the replication, it has never been the practice for the plaintiff to sign judgment by *nil dicit*. If the plea or rejoinder is an insufficient answer to the plaintiff's whole cause of action, he may demur. And it makes no difference whether the plea or rejoinder professes to answer the whole, or only a part of the plaintiff's cause of action; or whether it is pleaded separately, or in connexion with the other pleas. It is necessary that the whole matter of defence pleaded should cover the whole complaint. But the defendant may plead several different matters of defence to as many different parts of the alleged cause of action; and if all taken together form a sufficient answer to the whole matter of complaint, the defence will be complete.

(*a*) In *Sterling* v. *Sherwood,* 20 *Johns. Rep.* 206. Ch. J. *Spencer* denies that the position laid down by *Chitty* and Serj. *Williams,* is law.    *R.*

In the present case, no one of the rejoinders, nor all of them taken together, sufficiently answer all the breaches assigned in the plaintiff's replication : consequently, they cannot operate as a bar of the plaintiff's cause of action.

*Hartford,*
July, 1837.

Edwards
*v.*
White.

The next enquiry is, what damages can the plaintiff recover ? The statute provides, that " in actions on penal bonds containing conditions that have been forfeited and broken, the court or jury, when tried by the jury, shall find and assess such damages as are justly and equitably due, and judgment shall not be rendered for the whole penalty, unless it appear to be due." *Stat.* 50. *tit.* 2. *s.* 60. The plaintiff is a mere trustee for the benefit of those who may be interested in the estate. He can, therefore, recover nothing for his own benefit. To entitle him to recover for the benefit of others, it is incumbent upon him to show what persons have been injured, by the misconduct of the administrators. There is no claim that any creditor has any debt unsatisfied.

It is stated in the replication, that *John Dodd*, jun. died without issue, leaving *Esther Dodd* his widow, and *Sally Russ*, the wife of *John Russ*, his only sister and sole heir at law. The widow and sister were, therefore, entitled to the whole estate remaining, after the payment of debts. The widow and the husband of the sister were appointed administrators. It is averred, that *John Russ*, the husband of the heir, upon the execution of the bond, took into his possession all the assets belonging to the estate. That portion of them, which belonged to his wife, became his, upon taking possession. His wife has, therefore, sustained no injury, for which an action will lie.

But it is claimed, that the suit is brought for the benefit of the legal representatives of the widow. She died long subsequent to the time limited in the condition of the bond for the final settlement of the estate. She and *Russ* were the principals in the bond, and *Patten* was merely their surety. It was as much her duty to cause the estate to be legally settled, as it was that of her co-administrator. Suppose the administrators were both living, and the plaintiff recovers in this suit ; the defendants might immediately bring their action against the administrators, and recover from them all the damages they sustain, by reason of their misconduct ; and having recovered judgment against them, might collect the amount from either.

*Hartford,*
*July, 1837.*

*Edwards*
*v.*
*White.*

To allow a recovery against the surety, on account of the misconduct of the principal, for the benefit of that principal, would be manifestly unjust.

The death of the widow before the commencement of this suit, may vary the defendants' mode of redress, but does not change the principle. It would be as unjust to allow a recovery for the benefit of her representatives, as it would be to allow it for her benefit, were she still living.

It has been further claimed, that if it appears, that there has been merely a technical breach of the condition of the bond, and no person interested in the estate has sustained any injury thereby, no recovery can be had. But we are satisfied, the law is otherwise. It was so holden, by the whole court, in the case of *Warren* v. *Powers ;* and the contrary doctrine would be a departure from principle. At common law, if the condition of the bond was broken, the obligor forfeited the whole penalty. A court of equity, however, in such a case, would interfere and allow the obligee to recover only what was equitably due ; but it never went so far as to decree that the plaintiff should not recover at all. Our statute authorises the court or jury to do what was formerly done by a court of equity.

We are, therefore, of opinion, that the plaintiff in this case is entitled to recover nominal damages, and nothing more ; and advise the superior court to render judgment accordingly.

In this opinion the other Judges concurred.

Judgment for plaintiff for
nominal damages only.