## DANIEL TUFTS v. CHARLES AIKEN.

### (Practice.)

Where an appeal is taken from a judgment of a justice of the peace, by the defendant, and entered in the county court, and a trial is had upon the declaration certified by the magistrate to be a true copy of the original, and the defendant moves in arrest of judgment for the insufficiency of the declaration, and the plaintiff suggests that the original declaration is not defective, the court will permit the justice to come into court with his record and compare the copy with the original, and if there be an error in the copy, the court will require him to correct it.

THIS was a cause, which came into the county court by appeal from a justice of the peace. There was a verdict in the county court for the plaintiff, and the defendant moved in arrest of judgment for the insufficiency of the declaration. It was now suggested to the court, that the declaration originally filed in the case in the justice court was not defective in the particular complained of, but that the defect occurred by the mistake of the justice in making the copy of the writ and declaration, which he sent up to the county court. It was further proposed by the plaintiff to supply that defect in this court by filing *another certified copy* of the same papers in which this defect did not appear. This was opposed by the defendant's counsel.

BY THE COURT.—We have no doubt the defect in the declaration, if it occurred in the manner suggested, may be supplied, either in the county court, or in this court, but not in the manner proposed. The defendant has filed one certified copy from the justice, in the case, and the parties went to trial in the county court upon those copies, without the plaintiffs filing a new declaration. The plaintiff now com-

plains that this copy is defective and offers to file another copy, certified in the same manner, to supply the defect. How shall this court know which copy is the "true copy"? The justice must come into court, with his record, to verify the copy which he has sent us, and if, on comparison, it is found defective, he will be required, by this court, to correct it. The plaintiff had a right to expect that a true copy of his original declaration would be sent into the county court; and he might well go to trial under that expectation, without filing a new declaration, and having done so, it would now be unreasonable to arrest the judgment for any defect in the copy, furnished by the opposite party, he being the appellant. The cause will stand continued for the purpose of enabling the plaintiff to verify the copy in the manner as suggested above.

Windsor
June,
1841.

Tufts
v.
Aiken.

---

At this term of the court, application was made to the court, to admit certain members of the bar, as solicitors in chancery.

By the Court.—This court have now no chancery jurisdiction whatever, and no need of solicitors. Solicitors in chancery can only be admitted by the several "courts of chancery," in accordance with the general rules on that subject, established by this court, many years since. In hearing appeals from the "courts of chancery" we sit, virtually, as a court of error.