CHITTENDEN,
January,
1843.

Carpenter &
Buel
v.
Briggs &
French.

---

## CALVIN CARPENTER and CHAUNCEY BUEL v. WILLIAM P. BRIGGS and DAVID FRENCH.

A plea in bar to part of a declaration or count is good, if it is a good answer to all which it professes to answer, although it does not answer the whole declaration.

According to the practice in this state, that part of the declaration to which there is no answer is confessed, and judgment will be entered accordingly, at the proper time.

THIS was an action on a jail bond, given upon a commitment of the defendant, Briggs, on an execution issued on a judgment in favor of the plaintiffs against him, rendered in March, 1840. The defendants pleaded in bar, as to the

sum of $48.18, that on the 17th of July 1838, the defendant, Briggs, paid to the plaintiffs the said sum of $48.18, parcel of the debt in the plaintiff's declaration mentioned, which was accepted by the plaintiffs.

And for further plea in bar as to the said sum of $48.18, the defendants alleged that the said judgment was recovered against Briggs in an action of *scire facias* upon his recognizance, as surety for costs to the plaintiffs in a suit against them in favor of one Zerah Downer, wherein the plaintiffs recovered a judgment for $96.36 costs, in March, 1838; and that, after the recovery of said judgment, to wit, on the 17th of July, 1838, Briggs paid to the plaintiffs the said sum of $48.18, parcel of said judgment, which was accepted by the plaintiffs thereon.

To these pleas there was a demurrer; and judgment was rendered by the county court that the pleas were insufficient, to which judgment the defendants excepted.

*W. P. Briggs* and *Hyde & Peck* for defendants.

1. The first plea alleges payment of $48.18, parcel of the debt in the declaration mentioned. The time alleged in the plea is not material; as, under this allegation, defendant might show payment on any day prior to the commencement of the action; and as the plea is pleaded to part, and the body of the plea is an answer to such part, the plea is good, *pro tanto.*

The object of pleading is to notify the parties, each, of the claim or defence of his adversary, and narrow down the case to the real controversy, and thus prevent surprise and cheapen the trial. Payment of the whole debt *must* be pleaded, to prevent surprise to the plaintiff. The mischief would be the same to allow defendant to mitigate the recovery to a dollar or a cent, without plea or notice to plaintiff. Defendant must have some opportunity to show partial payment, and it is most beneficial to plaintiff that it be shown by plea. If defendant is compelled, in such case, to plead full payment, it might lead to an expensive trial, when, in truth, there is no controversy between the parties. No rule of pleading requires a party to plead a falsehood, as truth is an element of good pleading. Chit. Pl. 509. *Penton* v. *Robart*, 2 East, 88.

A plea, which answers all it professes to answer, is good. The numerous cases in which the plea is pleaded to the whole declaration, and is but an answer to part, or is pleaded to part and is an answer to the whole, have no bearing on this question. There is another class of cases where the plea professes to be pleaded to part, but, in truth, goes to the whole *subject matter* of the suit, as in the instance given by Gould, (Gould's Pl., p. 363, sec. 105,) where the *declaration* was for goods delivered to be *kept*, and *carried*, the plea going only to the obligation to *keep*, and left the obligation to carry unanswered ; yet it embraced the whole *property* in the declaration. In this, and the other cases of this class, the plea is a *partial* answer to the whole *subject matter*, and not a *complete* answer to a *part*. In the present case, the plea is a complete answer to a part of the subject matter ; that is, the judgment. The rule requiring an answer to the whole declaration, is confined to cases where the plea is in justification, excuse, or denial of the original cause of action. Such seem to be the cases. Hence it is concluded that the rule never applies where the plea admits the cause of action, and rests upon subsequent matter in discharge. The plaintiffs, by accepting part payment, have, by their own act, made their cause of action divisible, for the purpose of defence. This case is the same as a plea, answering the whole of one of two, or more counts.

2. If this case comes within the rule requiring the defendant to answer the whole declaration, the plaintiff, by demurring, has discontinued the whole action. The plaintiff can take advantage of this rule only by refusing to accept the plea, and taking judgment as by *nil dicit* for want of a plea. A demurrer, or pleading over, discontinues the action. On demurrer, such plea stands on its own intrinsic merits, and the court cannot look beyond the particular plea, to see whether any other plea answers the residue of the declaration. The reason of this mode of exception is obvious ; for it is conceded by all the books that a single plea need not answer the whole of the counts ; but one plea may be pleaded to a part and another to the residue. One may terminate in demurrer, and the other in an issue of fact ; and as, on demurrer, each plea stands on its own intrinsic merits, unaided and unprejudiced by another, and as the court cannot look

beyond the particular plea, to see whether any other plea answers the residue of the count or declaration, it follows, if such plea is good, in connexion with another answering the residue (which may be traversed) it is good *on demurrer* for so much as it professes to answer, and in truth does answer. In such case, the objection is not to the *sufficiency* but to the *regularity* of the plea. It is unreasonable to deprive the defendant of the benefit of the truth because he is unwilling to couple it with falsehood. If the plaintiff insists on a technical rule, against the justice of the case, he must comply with its requirements, or take the consequences. 2 Jac. L. D. 284. 1 Salk. 180. 5 Bac. Abr. 475. *Tippet v. May*, 1 Bos. & Pul. 411. Gould's Pl. 361, sec. 102, 103, p. 363, sec. 105. Arch. Pl. 174, (second Am. from last Lond. ed.) 1 Saund. R. 28, (n. 3). Chit. Pl. 509. *Hallett v. Holmes*, *per* Spencer, C. J., 18 Johns. R. 28. *Bullythorpe v. Turner* was a demurrer to a traverse of an immaterial averment, in an entire plea. The plea was *cepit in alio loco*, which is an answer in replevin, the place being material in that action. It professed to answer the whole plea, and prayed judgment of the whole action. In *Sterling v. Sherwood*, 20 Johns. R. 206, how the plea commenced does not appear, but it prayed judgment of the whole action, which made it a plea to the whole; and it was demurred to specially, for not answering all that it *assumed to answer*.

*J. Maeck*, for plaintiffs.

1. The payment plead was not a payment made, either on the bond, or on the judgment on which the bond was taken, but was made anterior to the rendition of the judgment. When the judgment was rendered on the recognizance, the defendant should have offered it in evidence, either as part payment or in mitigation of damages; and if he neglected so to do, he never afterwards can recover it, either by suit or plea in offset. *Corey v. Gale*, 13 Vt. R. 641, and cases there cited.

2. The pleas are bad, as they do not answer the whole cause of action. This rule requires no authority at this day.

3. Where the plea is defective in this particular, as in all other cases of pleading, deficient in substance, the proper course is to demur. Chitty, 574, says, " wherever the ad-

*[margin:]* CHITTENDEN, *January,* 1843.

Carpenter & Buel
*v.*
Briggs & French.

CHITTENDEN, 'versary's plea is defective in form or substance, a demurrer
January, 'is proper."
1843.

Carpenter &    It was not made a ground of objection below, but pos-
Buel       sibly may be now, that, as the pleas did not begin only as
v.       an answer to part, and were in fact but an answer to part of
Briggs &    the declaration, the proper course of the plaintiff was, not
French.    to demur, but to take judgment for the part unanswered,
by *nil dicit*; and that if the plaintiff demurs, or pleads
over, he discontinues his whole action. Chitty, 454, so lays
down the rule.

But on this point there is much conflicting authority in
England. In *Bullythorpe* v. *Turner*, Willes' R. 475,
480; Yelvt. 38; Cro. Jac. 27; Cro. Eliz. 434, and 2 Vent.
193, it was ruled that the proper course for the party was
to demur ; and none of the cases hold that where there is
another plea covering the whole complaint, the action can
be discontinued by demurring or answering over. It is mere
matter of practice and form, a mere technicality, if the ac-
tion is to be discontinued by the party's demurring ; and the
better and more sensible rule would be, to hold, as was said
by the court in *Marvin* v. *Wilkins*, 1 Aikens, 111, that a
demurrer is always a good answer to an insufficient plea.
Such a rule is founded on sound principles well understood ;
and why should it not be applied to all cases where the plead-
ing is insufficient. The rule, as laid down by Mr. Chitty, is
merely technical, and serves no valuable purpose. The
valuable rules of special pleading are already numerous;
those which are mere traps, a wise administration of justice
will discard, or refuse to naturalize. But the rule as laid
down by Chitty has been denied to be law by high authority
here. In *Sterling* v. *Sherwood*, 20 Johnson, 204, Chief
Justice Spencer, speaking of the rule as laid down by Chit-
ty and Sargeant Williams, says, " It appears to me it is not
' law, and that the cases they refer to do not bear out the
' proposition. On the contrary there are several cases which
' are directly opposed to it. In *Riggs* v. *Deniston*, 3 John-
' son's Cases, 205, Kent, Justice, lays down the rule thus :
' That, as the plea did not, either by denying or justifying,
' meet the whole matter or gravamen, contained in the count,
' it was for that reason, bad ; and he referred to 2 Vent. 193;
' Cro. Jac. 27; Cro. Eliz. 434. It does not expressly appear

CHITTENDEN,
January,
1843.

Carpenter &
Buel
v.
Briggs &
French.

' by the case, whether the plea professed to answer the whole
' declaration or not but I infer that it did not, or else that
' would have been relied on, in the opinion delivered. This
' question is very fully discussed by Willes, Ch. J. in *Bully-*
' *thorpe* v. *Turner*, Willes' R. 475, 480. He reviews all
' the cases then extant, and has pronounced it absurd to say
'. that the defendant could discontinue the plaintiff's action
' by putting in a defective plea.' He observed, ' if he
' demur, it is said he discontinues his own suit, for he ought
' to have entered up judgment by *nil dicit*, considering it no
' plea at all; but this, I think, is a practice that ought not
' to be encouraged, for it is saying the plaintiff may judge
' for himself without submitting his case to the judgment of
' the court. If indeed there were no plea at all, the plain-
' tiff might enter up such judgment, but if there be, in fact,
' a plea, though a defective one, I think that, in all cases,
' he ought to pray the opinion of the court, which he can do
' no otherwise than by demurring; and not to judge for
' himself.' He cited Yelverton, 38, and Cro. Jac. 27. The
' case in Yelverton was decided, finally, on a writ of error
' in the King's Bench, from the common pleas. The cases
' cited justify the decision in Willes, and it seems to me the
' reasoning is sound and conclusive."

In the subsequent cases of *Hickock* v. *Cootes*, 2 Wen-
dell, 420; *Underwood* v. *Campbell*, 13 Wendell, 78; *Slo-
cum* v. *Despard*, 8 Wend. 615, and *Etheridge* v. *Osborne*,
12 Wend. 403, precisely the same point arose, and the
decision in 20 Johnson, above cited, was sustained.

It is well remarked by Chief Justice Willes that it is a
dangerous practice to permit the party to be his own judge,
and ought not to be encouraged; that he ought to pray the
opinion of the court, &c., which he can only do by demur-
rer. It may be remarked that the English practice is not
adopted here, of permitting the party to sign judgment
himself, when he conceives the opposite party has been
guilty of a default; but he must pray the court for his judg-
ment. This fortifies the position we contend for, for how
can the court decide the pleadings bad, unless the party
asks their opinion by demurrer.

CHITTENDEN,
January,
1843.

Carpenter &
Buel
v.
Briggs &
French.

The opinion of the court was delivered by

REDFIELD, J.—In this case, there are two pleas of part payment, both of which are not sufficient to cover the entire declaration. To these pleas the plaintiffs demur. The refinements in the English books, in regard to pleas in bar, which go only to a part of the declaration, leaving a portion unanswered, are nice to a degree which renders some of them not very intelligible. It seems to be admitted by the writers upon this subject, both English and American, that the rule in Westminster Hall is, that if the plaintiff demur to such pleas, he thereby discontinues his action. He should take judgment as by *nil dicit*, treating the plea as no plea at all. 1 Chit. Pl. 511. Gould's Pl. 363. This view of the subject is denied in the state of New York, ever to have been the doctrine of the common law. *Sterling* v. *Sherwood*, 20 Johns. R. 204. *Hicock* v. *Coates*, 2 Wend. 419. *Slocum* v. *Despard*, 8 Wend. 615. It is there affirmed that a demurrer is the proper answer to such a plea, where the objection is, that it is defective, or insufficient. Ch. J. Willes asserts the same doctrine in *Bullythorpe* v. *Turner*, Willes' R. 475–80 ; and cites Yelverton 38; *Hughs* v. *Philips*, and *Thomel* v. *Lopeld*, Cro. Jac. 27; neither of which, to my mind, seem to throw much light upon the subject. In *Edwards* v. *White*, 12 Conn. 28, the rule is admitted to be, in England, as laid down by Chitty, above ; but it is said it has never been adopted in Connecticut. A further qualification is there stated to the English rule, as laid down in *Clarkson* v. *Lawson*, 19 Eng. C. L. 169, that such plea is good, if there be upon the record some other plea, which answers the whole declaration ; but unless that be the case, such plea is technically bad. Such plea is also held to be bad, both in New York and Connecticut. Now this is surely too refined for common use, if not for common apprehension. The party may suffer judgment on the whole count by *nil dicit ;* he may suffer judgment on a part of the count by default, and plead the general issue to the remainder. *Penton* v. *Robart*, 2 East's R. 88. He may confess a part of the count, plead a tender to a part, payment of a part, and non assumpsit to the residue. Chit. Pl. 51. Gould's Pl. 361–2. But if he plead to *part* of the declaration, although his plea profess to answer *only that part*, which it does answer, and *answer*

*well,* still, if he leave a portion of the declaration, neither answered nor confessed, the plea is bad for the whole; it is as no plea, and it cannot be demurred to, but the party must take judgment by *nil dicit.* But if there be one plea upon the record, which covers the whole declaration, then the party may plead as many part defences as he will. This is the English law. The same rule obtains in New York and Connecticut, except that in these latter states advantage of the defect may be taken by demurrer.

The courts in New York and Connecticut have advanced one step towards making this rule reasonable and tolerable; the one, by denying an absurd doctrine of the common law ever to have existed, and the other, with more independence, denying, that it had ever been adopted in that state.

We adopt the English rule as it exists at present, with two qualifications, that, under our rules of pleading, every portion of the declaration, which is not *answered* is *admitted,* and that the defendant may plead to part of one count, as well when there is *no general,* or *full answer* to the declaration upon the record, as *when there is.* Pleas to a part of the declaration, or to a part of a count, have been constantly received, in our practice, and their validity tested upon demurrer, without any question being made of the propriety of this mode of trial. *Torrey* v. *Field,* 10 Vt. R. 353. And at this late day, to go back and attempt to dig up an absurd refinement of the seventeenth century, in regard to which, such men as Chief Justice Spencer and Judge Gould are in *exact contradiction;* and to say, at the same time, that an answer to part of a declaration is to be regarded as nothing, because the party did not say he had no answer to make to the *remainder* of the declaration, when, by our rules of practice, had he interposed no plea, his silence must have been so construed as to the *whole* count or declaration, is, we think, pushing the matter of special pleading, (which is, in the main, a useful and improving study,) into some of those subtleties, which make it obnoxious to the severe reprobation of the unprofessional, and render it an instrument of entanglement and mystification, rather than a means of simplifying and abridging the sometimes involved and tortuous processes of judicial investigation. We wish to *preserve* the system to a reasonable extent; and in order to do this, it be-

*Chittenden; January, 1843.*

*Carpenter & Buel v. Briggs & French.*

Chittenden,
January,
1843.

Hickok &
Catlin
v.
Ridley.
comes important, that we should not adopt a subtlety, which Mr. Justice Gould, in his very lucid treatise on pleading, after two pages of elucidation, (363–4), to my apprehension leaves darker than when he stated the naked proposition. The only *rationale* of such a rule is, that it is so, because it was so established, two hundred years ago, and that it is better now to adhere to it, than to introduce confusion by adopting a new one. With us, that argument is entirely in favor of the rule we here establish or rather *declare*, for, in practice, it has been established many years.

These pleas are to be considered, then. The second is admitted to be bad, as being a payment alleged to have been made to the plaintiffs before the rendition of the judgment upon which the jail bond was given, which is now in suit. The first plea is payment generally, and although the time alleged is anterior to the date of the judgment, it was not thereby incumbent upon the defendants to have proved their payment on the day alleged, but they might have proved it at any time after the judgment. This plea is, therefore, good for so much as it professes to answer. The judgment of the county court is, therefore, reversed, and judgment that the plea is sufficient, and that the plaintiffs be barred of so much of their claim, and that they recover the balance, with costs, deducting therefrom the defendant's costs of this court.