FREEMAN v. HENRY.

*Covenant. Pleading. Practice.*

In covenant, that part of the declaration not answered by plea, is admitted.
*Held,* that the testimony in this case did not support the third plea.

COVENANT. The declaration counted upon a covenant in defendant's deed of a certain lot, conditioned that plaintiff should build a store on said lot, whereby defendant

Covenanted with plaintiff to build a store on the northerly side of said lot, in the angle between said lot and said Baxter's store, and to furnish plaintiff with access to the second story thereof by a flight of stairs to be erected by defendant on said angle, at least four feet and six inches wide, and to keep said stairs in a suitable condition for use. And the plaintiff avers that he has built a store on said piece of land, according to the agreement above set forth. Yet said defendant has not kept his said covenant, but has broken the same, for plaintiff avers that defendant has not furnished him with access to the second story of his said store by a flight of stairs at least four feet and six inches wide; but on the contrary has built a flight of stairs much less than four feet six inches in width, to wit, three feet six inches in width; and plaintiff avers that defendant has not kept said stairs in a suitable condition for use, but has suffered the roof over the same to become leaky, &c.

70

Pleas. 1st. *Non est factum.* 2d. That defendant built said stairs less than four feet six inches wide, by leave and license of plaintiff. 3d. That defendant and plaintiff agreed in consideration that defendant would furnish suitable room on defendant's own land and in his own building for the erection of a chimney, and allow plaintiff and his tenants to pipe into and use the same, that plaintiff would be at one-half the expense of building the same, and consent and agree that defendant might build said stairs at a less width than that mentioned in said covenant. The plea averred performance of this agreement on the part of the defendant, in satisfaction and discharge of said covenant. The pleas were traversed, and trial by jury, December Term, 1875, BARRETT, J., presiding.

Defendant testified on cross-examination, in answer to the question, " What was the contract between you and plaintiff as to the chimney and stairway ?" as follows :

I think I stated in the outset, Mr. Freeman objected to my moving the stairs from near his store to the north side, where they are now. I told him that I had a right to do it, but inasmuch as he objected to it, I shouldn't do it ; I didn't care anything about it. The next day I had some conversation with him in relation to it, and he said he didn't know as it would make. any difference with him at all. I told him if he would assent to putting the stairs on that side, and finishing them up as we should be obliged to do, he might build the chimney as he had previously proposed to me that he would do, and I had refused,—that is, that he would build one half of it, and own one half, and have it on my land. I objected to that and told him it would increase the insurance, and I had rather build it entirely myself. But when we arranged that the stairs should be changed and put on that side, the way they are now, it was agreed that he should build half the chimney and pipe into it. The chimney was built larger than it would have been if I had built for my room ; for the chimney would have to be larger for four stoves than it would be for two.

Defendant further testified that he did not think anything was then said between plaintiff and himself about the width of the stairs, because it was not known how wide they would be.

After the evidence was closed, and on conference between court and counsel as to what was subject of debate upon the evidence,

the court held that upon the statement made by defendant on cross-examination, the matter of making the stairs of less width than stipulated in the covenant, was not embraced in the arrangement as to the chimney, as set forth in the third plea, and so said plea was not maintained in that respect. To this defendant excepted. Defendant proposing to argue to the jury whether the second assignment of breach was made out, the court held that as the defendant had not answered said second assignment by plea, there was no question for the jury as to that breach, except as to the amount of damages ; that plaintiff would be entitled to nominal damages at least on account of that breach. To that ruling the defendant excepted. Counsel argued the question of damages beyond nominal to the jury, and also argued the issue upon the second plea  The case was given to the jury on a charge not excepted to. · Verdict for the plaintiff, with special finding of separate damages upon each of the breaches assigned.

*Norman Paul*, for defendant.

The court erred in not allowing defendant to go to the jury on all the questions raised by the pleadings. It was purely a matter of fact, to be determined by the jury, whether there was an agreement entered into and acted upon by the parties, subsequent to the execution of the deed, whereby the stairs were to be built in a different manner and place from that stipulated in the deed, in consideration that defendant would allow plaintiff and his tenants to use and occupy the chimney to be built jointly by both parties as set forth in said pleas. On this question the testimony of the defendant is full, and it was not contradicted on the trial. Whether there had been a breach of covenant, such as is set forth by the plaintiff in his second assignment, was a fact for the jury to find, and the court erred in taking it from them. *Aldridge* v. *Howard*, 43 E. C. L. 474. The question of breach was one properly arising under the general issue. The effect of all the evidence given on this point was, to show that the plaintiff never had any cause of action, and not matter in discharge of one that had once existed ; and there was no occasion for the defendant to

plead specially, or give notice under the statute.   *James* v. *Aiken*, 47 Vt. 23.

*T. O. Seaver*, for plaintiff.

The ruling of the court below, that the matter of making the stairs of less width than stipulated in the covenant, was not embraced in the arrangement as to the chimney, as set forth in the third plea, and so said plea was not maintained in that respect, was correct.

The court ruled correctly in holding that the second assignment of breach in the declaration was not answered by plea, and that the only question for the jury on that point was as to the amount of damages.   Every portion of the declaration which is unanswered, is admitted.   *Buel* v. *Briggs*, 15 Vt. 34 ; 1 Chit. Pl. 524 ; Stephen Pl. 216.

The opinion of the court was delivered by

ROSS, J.   So much of the declaration as the defendant's pleas did not answer we think must be taken as admitted in this class of cases.   *Buel* v. *Briggs*, 15 Vt. 34.

The defendant's second special plea purports to answer the whole declaration.   Inasmuch as the plaintiff joined issue on this plea, and went to trial on it as it stood, if this issue had been found for the defendant, it may be that the defendant would have been entitled to judgment in his favor.   The court below, as we think, correctly held that the defendant failed to produce any testimony which fairly tended to support this plea.   The most that can be claimed for Mr. Henry's testimony is, that it inferentially, in some portions, tended to support this plea.   His direct testimony, both in chief and on cross-examination, was, that there was nothing said when the change in the location of the stairs was agreed to, about their width.   Taken altogether, we do not think that it can be fairly said that his testimony tended to support this plea.   No point was raised in the court below on the question of damages.

Judgment affirmed.