## MURDOCK, Admr. *v.* HICKS.

*Pleading. Conclusiveness of Findings by County Court.*

In debt on recognizance on appeal from the judgment of a justice, the declaration alleged the rendition of the judgment by the justice; the appeal, and the recognizance therefor; the entry of the appeal in the County Court; the rendition of judgment therein for plaintiff; and the issuing of execution, and its return, unsatisfied in a sum exceeding the amount of the recognizance. Pleas, *nul tiel record* and accord and satisfaction. *Held*, that as the allegations in the declaration not answered were admitted, it was only necessary for plaintiff to prove the existence of the alleged record of the recognizance, in order to make a *prima facie* case ; and that this he did by introducing a certified copy of the justice's record.

Facts found by the County Court, and certified in the exceptions, are not subject to revision by the Supreme Court.

The copies of appeal from a justice, entered in County Court, containing a minute of the recognizance of appeal, are not admissible in evidence under the plea of *nul tiel record* in debt on the recognizance.

DEBT on recognizance taken on appeal from a judgment of a justice of the peace. Pleas, *nul tiel record* and accord and satis-

faction, and issue joined. Trial by the court, September Term, 1877, Ross, J., presiding.

The pleadings appear from the opinion. The plaintiff introduced a certified copy of the justice's record in the suit, plaintiff's intestate against Hubbard D. Oaks, which was received subject to objection, and from which it appeared that defendant became recognized in $50 for the prosecution of an appeal by the defendant in that suit. Plaintiff's attorney, sitting at the table with defendant's attorney, then remarked: " As you only plead *nul tiel record,* and do not deny that judgment was obtained in the County Court against the defendant, and that the defendant Oaks has not paid the judgment, I will not take the trouble to put in the record in the County Court." The defendant's attorney made no reply, and the court understood that the obtaining of judgment against Oaks and the non-satisfaction thereof, were not controverted. The plaintiff then rested.

Defendant then introduced, subject to objection, the copies of appeal in said suit, filed in the County Court, which contained a minute of recognizance as follows : " The defendant as principal and Joseph Hicks as surety, recognized to the plaintiff in the sum of fifty dollars, for the prosecution of said appeal, in due form of law." The court held that said certified copy of the justice's record must be taken to be the true copy.

On the plea of accord and satisfaction, the court found that the defendant paid the intestate $30 on the recognizance, and at the same time let him have a note for $72 against one Shumway ; but did not find that the intestate received the note in satisfaction of defendant's liability, unless he could collect the same, and satisfy the balance due from the avails thereof. The note was never collected, and Shumway was irresponsible. Soon after the intestate received the note, he employed Horatio N. Hicks, a lawyer of fair reputation for care and learning, to bring suit thereon against Shumway, and summon as trustee the town of Whitingham, for which Shumway had then recently made a road, for which the town owed him $50 or more, if he had not transferred his claim therefor, and whether he had or not did not appear. The writ in the suit against Shumway was signed by mistake by a

justice who was a tax-payer in Whitingham, by reason whereof the suit was abandoned, and nothing realized therefrom. The court found that the intestate, in bringing that suit, exercised ordinary care and prudence; that the suit failed without fault on his part; and that there had since been no opportunity to collect the note. On the question of whether the intestate received the note in satisfaction of the balance due on the recognizance, Hicks was asked to whom he made his charges for bringing that suit, and testified that he could not tell, but that the intestate's administrator paid his fees. Plaintiff's attorney was then allowed to testify, against defendant's objection, that he was once in Hicks's office, and saw the charges in said suit on his books, and that they were entered in his day-book to the intestate and the defendant, but in his ledger to the intestate alone. To the admission of that testimony the defendant excepted. If it had been excluded, the court would have found that the note was received in satisfaction of the balance due on the recognizance.

On the foregoing facts the court rendered judgment for the plaintiff for $28.40, it being the balance due on the recognizance, with interest; to which the defendant excepted.

*H. W. Brigham*, for the defendant.

The original appeal copies should be taken as the true copies; and if there is any error or omission in the record it can be corrected by the justice by leave of the court only, and by the production of the original record, so that the court can see how it should be. *Tufts* v. *Aiken*, 13 Vt. 490; *Wood & Weeks* v. *Davis*, 48 Vt. 319; *Mosseaux* v. *Brigham*, 19 Vt. 457.

It was necessary for the plaintiff, in order to recover, to prove every material allegation in the declaration. 1 Chit. Pl. 291, 292. It was error to assume from anything that was said by plaintiff's attorney that certain facts were admitted.

*A. A. Butterfield* and *K. Haskins*, for the plaintiff.

A certified copy of a justice's record is proper evidence to prove his records and the proceedings of his court. Gen. Sts. c. 31, ss. 27, 73, 76; *Buck* v. *Kent*, 3 Vt. 99, 103; *Lowry* v. *Cady*, 4 Vt.

504; *Spaulding* v. *Chamberlin*, 12 Vt. 538; *Barnard* v. *Flanders*, 12 Vt. 657; *Wright* v. *Fletcher*, 12 Vt. 431; *Strongs* v. *Bradley*, 13 Vt. 9; *Nye* v. *Kellam*, 18 Vt. 594; *Starbird* v. *Moore*, 21 Vt. 529; *Eastman & Page* v. *Waterman*, 26 Vt. 494; *Carruth* v. *Tighe*, 32 Vt. 626.

It is conceded that judgment was obtained in the County Court against the defendant, and that that judgment was unsatisfied. It is conceded by the plea, as it does not answer that part of the declaration, *Carpenter & Buel* v. *Briggs & French*, 15 Vt. 34; and as it does not fairly apprise the plaintiff of the defendant's intention to deny that part of the declaration. *Vaughan* v. *Everts's Exr.* 40 Vt. 526. It is also conceded by silence at the trial. No question was raised nor exception made as to that point in the County Court. *Bebee* v. *Steele*, 2 Vt. 314; *Allen* v. *Thrall*, 10 Vt. 255; *Sargeant* v. *Butts*, 21 Vt. 99; *Bellows* v. *Weeks*, 41 Vt. 590. The Supreme Court will not notice any question unless it appears from the exceptions that the question was raised in the court below. *Gates* v. *Bowker*, 18 Vt. 23; *Hard* v. *Brown*, 18 Vt. 87. The exceptions must show error; it will not be presumed. *Clary* v. *Willey*, 49 Vt. 55; *Poultney* v. *Glover*, 23 Vt. 328; *Bradley* v. *Pratt*, 23 Vt, 378; *Smith* v. *Day*, 23 Vt. 656; *Perlinau* v. *Phelps*, 25 Vt. 478.

The Supreme Court sits in error on matters of law, and when an issue of fact is tried in the County Court by the court, its finding is as conclusive on exceptions as the finding of a jury. *Roberts's admr.* v. *Welch*, 46 Vt. 164; *Emerson* v. *Young*, 18 Vt. 603; *Caul* v. *Sargeant*, 15 Vt. 393.

The opinion of the court was delivered by

DUNTON, J. This is an action of debt on recognizance. It is alleged in the declaration that judgment was rendered by a justice of the peace, in a certain suit in favor of Charles P. Murdock, the plaintiff's intestate, against one Hubbard D. Oaks; that Oaks appealed, and defendant entered into the recognizance in question for the appeal, in due form of law, as surety for Oaks; that the appeal was entered in the County Court, and judgment was rendered therein for the plaintiff in said suit; and that the execution, issued

on said judgment, was returned unsatisfied in a sum exceeding the amount of said recognizance.

The defendant pleaded *nul tiel record* as to the recognizance and accord and satisfaction. The plaintiff replied that there is such a record, and traversed the plea of accord and satisfaction.

The other allegations in the declaration not being answered, under our rules of pleading, are admitted to be true. *Carpenter & Buel* v. *Briggs & French*, 15 Vt. 41. Therefore, it was only necessary for the plaintiff to prove the existence of the alleged record of the recognizance in question, in order to make out a *prima-facie* case. This he did, by putting in evidence a certified copy of the same, which was proper evidence to prove this fact.

But, were it necessary for the plaintiff to go further, and prove that judgment was rendered for the plaintiff on the appeal in the County Court, and that the judgment had not been satisfied or paid, we think what took place between the attorneys of the parties to this suit, at the trial before the County Court, was equivalent to an admission of these facts by the attorney for the defendant. But whether it was or not, the County Court found from what did take place at the trial, that these facts were not controverted; and such finding is conclusive, and not subject to revision by this court.

After the plaintiff had made out a *prima-facie* case and rested, the defendant offered as evidence a copy of the record and appeal in the suit, Charles P. Murdock against Oaks, sent up to the County Court by the justice, containing the following minute of the recognizance in question: "The defendant as principal, and Joseph Hicks as surety, recognized to the plaintiff in the sum of fifty dollars, for the prosecution of said appeal, in due form of law;" and the same was received by the court subject to all legal objection thereto.

It will be perceived that *Joseph* Hicks is the party named as surety in the above minute of recognizance, instead of Daniel J. Hicks; and, if the same is to be regarded as the record of the recognizance, the issue on the plea of *nul tiel record*, as the pleadings stood, should have been found for the defendant. But it is not a record that can be declared upon as such; nor is it admissible under the plea of *nul tiel record*. It is simply such a minute as will en-

able the justice to make out a recognizance in due form. *Brackett* v. *McLeran*, 23 Vt. 90. It ought therefore to have been excluded; and this, in effect, the court did, by disregarding the same, and holding that the certified copy from the records of the justice must be taken to be the true copy of the record of the recognizance in suit.

Had the court not been satisfied of this, they undoubtedly would, on motion, have continued the case, that the justice might come, or be brought into court, with his record, and verify such copy or correct it. *Tufts* v. *Aiken*, 13 Vt. 490. But no such motion was made ; and the court having found that the certified copy, put in evidence by the plaintiff, was a true copy of the record in question. Such finding is conclusive.

Judgment affirmed.