## MULLER v. NATIONAL SURETY CO. No. 231.

(Supreme Court, Appellate Term, Second Department. September, 1915.)

EXECUTORS AND ADMINISTRATORS ⬤⟿537—SURETY'S LIABILITY ON BOND—RIGHTS OF ASSIGNEE OF ADMINISTRATOR.

Where an administrator was entitled to a distributive share in the estate, and assigned his interest therein, upon a devastavit committed by such administrator after the assignment, the assignee, although the administrator himself, had no assignment been made, could not have recovered from the surety, was entitled, in suit against the surety on his bond, to recover the amount of the administrator's distributive share, but not administrator's commissions, or his costs in accounting proceedings, to which the administrator was not, either at the time of the assignment or of the devastavit, entitled, and might never become entitled.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2453, 2485–2581; Dec. Dig. ⬤⟿537.]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Elizabeth Muller against the National Surety Company. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Argued September term, 1915, before MADDOX, CRANE, and BENEDICT, JJ.

William J. Griffin, of New York City, for appellant.
Max H. Newman, of Brooklyn, for respondent.

BENEDICT, J. Appeal from judgment of the Municipal Court of the City of New York, Borough of Brooklyn, Second District, rendered April 27, 1915, after a trial without a jury, in favor of plaintiff, for $422.24. The action was brought to recover upon an administrator's bond.

The question presented in this case seems to be novel. Plaintiff sues as a distributee under a decree of the Surrogate's Court, New York County, upon the bond of the administrator. It appears from the record of the proceedings in the Surrogate's Court that plaintiff's right to the sums directed to be paid to her was acquired by assignment from the administrator of his individual interest in the estate; that the application for the bond was made on February 21, 1913, and the bond executed the same day; that letters of administration were

issued February 24, 1913, and that the assignment was made February 25, 1913; that certain disbursements made by the administrator between March 20 and May 5, 1913, inclusive, were disallowed, and his account surcharged in the amount of $160.

The administrator was the husband of decedent, and as such entitled to a distributive share in her estate. The assignment purported to transfer to the plaintiff all the right, title, and interest of the assignor in the estate of decedent, to the extent of $300. The surrogate's decree directed the payment to the plaintiff, as assignee, of the following amounts: $51.05 for administrator's commissions, $87.25 for the costs of the administrator in the accounting proceeding, and, after the payment of the two-thirds distributive share of decedent's daughter, the remaining one-third distributive share "appearing to be less than" $207.99. These figures total $416.29. No collusion between the administrator and the plaintiff was alleged or proved by the defendant.

The defendant's contention is that, as the administrator himself, had no assignment been made, could not have recovered from the surety, his assignee stands in his shoes, and her claim is subject to all defenses which might be urged against the assignor. I think this contention loses sight of the dual character of one who is at the same time administrator of an estate and entitled to a distributive share therein. He cannot, of course, in his individual capacity, recover of his surety for a default committed by him in his representative capacity. But he is entitled to assign his distributive share; and, if he does so, why should not the transferee take the same, and the right to recover in a proper case upon the bond, subject only to such defenses as exist at the time of the transfer? See Steinert v. Van Aken, 165 App. Div. 206, 210, 150 N. Y. Supp. 525.

Aside from the technical objection that the assignee stands in the shoes of the assignor, it is urged that to permit the assignee to recover on the bond would open the door to collusion and fraud. It would, of course, be a good defense to such an action to show that the assignment was collusive or colorable merely, or otherwise fraudulent as to the surety; and it is clear that in such transactions there is an opportunity for collusion, which might not be easily detected. But, on the other hand, the transfer may be in entire good faith, and the transferee may have given a valuable consideration. There is also a possibility that, if the rule contended for by defendant were to be adopted, there might be collusion between the representative and his sureties to the injury of the transferee.

I think the indemnity agreement is of no effect here. It bound the administrator as an individual, but it did not bind his assignee, nor did it constitute a lien on his interest in the estate, so as to prevent him from assigning the same.

As the devastavit was committed subsequently to the assignment, I think the plaintiff is entitled to recover the amount of the administrator's distributive share, but no more. The administrator was not, either at the time of the assignment or at the time of the devastavit, entitled to commissions or costs on the accounting, and might never become so entitled. As to these items of the claim, the defense is good. As to the other item, I think it is not good. Edwards v. White,

12 Conn. 28, upon which defendant relies, is not in point, for there the parties for whose benefit the action was brought were entitled to the estate of the deceased administratrix, and hence acquired their right after the devastavit.

I think, therefore, that the judgment should be modified, by reducing it to $207.99 and taxable costs, and, as modified, affirmed, without costs.

Judgment modified, by reducing it to $207.99 and taxable costs, and, as modified, affirmed, without costs.